**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael P. Grady, et al., | No. CV16-00785-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| USAA Casualty Insurance Company, | |
| Defendant. | |

The Court has subject matter jurisdiction over cases in which the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiffs allege generally that the amount in controversy requirement is satisfied in this case (Doc. 1, ¶ 3), but the Court does not agree.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377.

Defendant insured Plaintiffs' home, which suffered water damage in 2011. The loss was calculated at an amount of $44,829.77 – an amount Plaintiffs do not dispute. Because Plaintiffs' home was subject to a security interest held by a mortgage lender, and

the insurance policy provided that payments could be made to such lenders, Defendant issued the water-damage check jointly to Plaintiffs and the lender on several different occasions. Plaintiffs and the lender did not cash the checks.

Eventually, Plaintiffs' home was sold in a trustee's sale and the lender acquired the home by making a credit bid. In June 2014, Judge Teilborg of this Court ruled that the lender was foreclosed by the credit bid from collecting any additional amount on the debt. Plaintiffs' counsel conceded during a hearing before this Court on September 21, 2016, that the ruling by Judge Teilborg said nothing about the lender's rights to the insurance proceeds because that issue was not before him. Plaintiffs nonetheless claim that the ruling foreclosed the insurer's rights under the insurance policy and Defendant therefore should have reissued the water-loss check solely to them. They assert that Defendant engaged in bad faith when it failed to do so.

Plaintiffs filed for bankruptcy in July 2015. During that proceeding, the bankruptcy trustee accepted full payment of the $44,829.77 from Defendant, with the knowledge and consent of Plaintiffs, and applied the funds to Plaintiffs' benefit in the bankruptcy proceeding. Plaintiffs nonetheless have sued Defendant in this case for breach of contract. Plaintiffs' counsel explained during the hearing that they do not seek to recover the $44,829.77 owed under the policy because that amount has already been paid. Plaintiffs instead seek to recover other damages they suffered by being denied payment of the $44,829.77 after Judge Teilborg's ruling.

The Court noted during the hearing that lost use of the money from June 2014 to the present would likely amount to only a few thousand dollars at today's investment rates. Plaintiffs' counsel agreed, but said there may be other lost opportunity costs that he could not identify. He admitted that such costs were "debatable."

Nor have Plaintiffs identified the amount of bad faith damages they allegedly incurred after Defendant failed to read Judge Teilborg's ruling as foreclosing the insurance company's claim on the insurance proceeds. Plaintiffs' complaint includes a claim for punitive damages, but those appear to be as speculative as Plaintiffs' other

categories of damages.  Finally, Plaintiffs seek $14,364 in attorneys' fees.  Doc. 1, ¶ 28.

Even if one could conclude that Defendant – which has attempted to pay the undisputed amount of the water loss for years – breached its contract or engaged in bad faith by failing to read Judge Teilborg's order to resolve issues it did not address, the amount of damages to Plaintiffs appears to be minimal, particularly since Defendant paid the full amount of the water-loss damages to Plaintiffs' bankruptcy trustee.  In any event, the damages are speculative.  As noted above, the Court must presume a lack of jurisdiction until Plaintiffs prove otherwise, and Plaintiffs have failed to provide any colorable basis for damages exceeding $75,000 in this case.

**IT IS ORDERED** that this action is dismissed for lack of subject matter jurisdiction.

Dated this 22nd day of September, 2016.

David G. Campbell
United States District Judge